Marian F. Harrison
US Bankruptcy Judge

Dated: 01/29/13

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 311-04072 |
| **MARK WESLEY WINTERS,** | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) |
| **MARK WESLEY WINTERS,** | ) ADV. NO. 312-90369 |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| **DOUGLAS H. SHULMAN,** | ) |
| **COMMISSIONER OF THE INTERNAL** | ) |
| **REVENUE SERVICE, AND UNITED** | ) |
| **STATES OF AMERICA, THROUGH** | ) |
| **ITS AGENCY, THE INTERNAL** | ) |
| **REVENUE SERVICE,** | ) |
| | ) |
| Defendants, Cross-Claim | ) |
| Defendants, and Cross-Claim | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **ROBERT H. WALDSCHMIDT,** | ) |
| **TRUSTEE,** | ) |
| | ) |
| Defendant, Counterclaim | ) |
| Plaintiff, and Cross-Claim | ) |
| Defendant. | ) |

_____
## MEMORANDUM OPINION
_____

This matter is before the Court upon the parties' cross-motions for partial summary judgment. The issues presented are: (1) whether the Internal Revenue Service's (hereinafter "IRS") claim for 2004 taxes is a non-dischargeable priority claim; and (2) whether an erroneous refund sent to the debtors post-petition and then returned by the debtors to the IRS is property of the estate.[1] For the following reasons, the Court finds, as a matter of law, that the IRS's claim for 2004 taxes is a non-dischargeable, allowable, priority claim, and that the Trustee is not entitled to turnover of the erroneous tax refund.

## I. UNDISPUTED FACTS

The undisputed facts material to the cross-motions for partial summary judgment are:

1. Mark Wesley Winters ("Debtor") filed a voluntary petition under Chapter 7 on April 20, 2011.

2. Robert H. Waldschmidt ("Trustee") was appointed as Trustee in the bankruptcy proceeding, and is currently serving in that capacity.

3. The Debtor and his wife filed their 2004 tax return on or about September 19, 2005.

---

[1] There is also a $32,555.15 tax refund check that was given to the Trustee. The IRS agrees that these funds are property of the estate.

4. The Debtor and his wife filed their 2007 tax return on or about November 17, 2008.

5. The Debtor and his wife filed their 2008 tax return on or about November 23, 2009.

6. On or about December 3, 2009, a Notice of Deficiency was sent to the Debtor and his spouse for tax year 2004, asserting that an additional amount of $143,445.00 in taxes were due from that year, plus Penalties of $28,689.00.

7. On or about May 26, 2011, a Notice of Deficiency was sent to the Debtor and his spouse for tax years 2007 and 2008 asserting that an additional amount of $138,907.00 in taxes were due for 2007, plus Penalties of $27,781.40 and further asserting that an additional amount of $109,648.00 in taxes were due for 2008, plus Penalties of $21,929.60.

8. A petition was filed with the U.S. Tax Court by the Debtor and his spouse on March 8, 2010, challenging the Notices of Deficiency for the 2004 tax year. Mark W. & Liya I. Winters v. Commissioner, Dkt. # 005866-10 (T.C.).

9. A petition was filed with the U.S. Tax Court by the Debtor and his spouse on August 26, 2011, challenging the Notices of Deficiency for the 2007 and 2008 tax years. Liya I. Winters v. Commissioner, Dkt. # 019757-11 (T.C.). That matter was dismissed as to the Debtor because of the imposition of the automatic stay.

10. Post-petition, the Debtor received a $86,512.32 tax refund check from the IRS in August, 2011, based on his 2005 tax return.

11 . The Trustee requested from counsel for the Debtor, in August, 2011, that the tax refund check be sent to the Trustee.

12. The Debtor filed a motion to convert his case to Chapter 11 on August 16, 2011; that motion was withdrawn on October 5, 2011.

13. The Debtor sent the $86,512.32 tax refund check back to the IRS in October, 2011, together with a cover letter.

14. The IRS sent a "Refund Check Identification" to the Debtor on or about November 10, 2011.

15. The Trustee filed a motion for turn over of the refund on October 26, 2011; the debtor objected to said motion on November 17, 2011; said objection did not disclose anything about any receipt or disposition of a tax refund check.

16. On or about December 26, 2011, the IRS tendered a tax refund check in the amount of $32,555.15 to the Debtor, relating to the Debtor's 2005 taxes.

17. The $32,555.15 refund check was received by the Trustee, and the funds are currently being held by the Trustee.

## II. ARGUMENTS

In his motion for partial summary judgment, the Trustee seeks the following:

4 - U.S. Bankruptcy Court, M.D. Tenn.

1. A declaratory judgment that any claim of the IRS for the tax year 2004 is a non-priority unsecured claim.

2. A declaratory judgment that the $86,512.32 tax refund check is property of the estate and that the IRS is not entitled to set-off, and an order directing the IRS to pay the Trustee $53,957.17 (constituting the difference between the funds already received by the Trustee[2] and the amount of the $86,512.32 tax refund check that was returned to the IRS by the debtor).

In addition to the issues raised by the Trustee, the debtor also requests that the Court find, as a matter of law, that any claim for the tax year 2004 is dischargeable.

The IRS seeks summary judgment as to the following:

1. The claim of $226,142.85 for the tax year 2004 is a priority claim pursuant to 11 U.S.C. § 507(a)(8) and is non-dischargeable.

2. The erroneous refund is not property of the estate, and even if it is, the erroneous refund created a post-petition liability in the debtor's 2005 federal income tax year, and such liability qualifies as an administrative expense pursuant to 11 U.S.C. § 503.

---

[2]The IRS does not contest that the $32,555.15 tax refund check is property of the estate. Accordingly, the Trustee is entitled to summary judgment on this issue.

# III. DISCUSSION

## A. PRIORITY STATUS/DISCHARGEABILITY ISSUE

The determination of priority status of the IRS's claim for 2004 income tax is determined by 11 U.S.C. § 507(a)(8)(A), and dischargeability of the debt is determined by 11 U.S.C. § 523(a)(1). If the IRS's claim is a priority claim pursuant to 11 U.S.C. § 507(a)(8)(A), then the claim is non-dischargeable under 11 U.S.C. § 523(a)(1)(A).[3]

Section 507(a)(8)(A) provides:

(a) The following expenses and claims have priority in the following order:

* * * *

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for —
    (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition —

        (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

        (ii) assessed within 240 days before the date of the filing of the petition, exclusive of —

---

[3]Section 523(a)(1)(A) excepts from discharge any debt "for a tax . . . of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed."

> > (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>
> > (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; *or*
>
> (iii) other than a tax of a kind specified in section 523 (a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

(Emphasis added).

Initially, it is important to note the use of "or" in the statute. "And" is strictly of a conjunctive nature and "or" is strictly of a disjunctive nature unless it is clear from the context that one has been mistakenly used for the other. ***Sec. Ins. Co. of Harford v. Kevin Tucker & Assocs., Inc.,*** 64 F.3d 1001, 1007 (6th Cir. 1995) (citations omitted). The legislative history clearly demonstrates that "or" was not a mistake in 11 U.S.C. § 507(a)(8)(A). The history shows that the purpose of 11 U.S.C. § 507(a)(8)(A)(iii) was to

preserve "a priority for tax liabilities for years more than three years before the filing of the petition where the debtor and the Internal Revenue Service were negotiating over an audit of the debtor's returns or were engaged in litigation in the Tax Court." *S. Rep. No. 989,* at 68-72 (1978). If the Court ignores the "or" in the statute, 11 U.S.C. § 507(a)(8)(A)(iii) would be rendered meaningless. *See Hosack v. Internal Revenue Serv. (In re Hosack),* 282 F.App'x 309, 315 (5th Cir. 2008) (Section 507(a)(8)(A) is structured disjunctively) (citations omitted).

Under applicable law, income taxes must be assessed within three years after a return is filed. *See* 26 U.S.C. § 6501(a). If the IRS finds a tax deficiency, it cannot assess the deficiency before sending the taxpayer a notice of deficiency. *See* 26 U.S.C. § 6213(a). Within 90 days after the notice of deficiency, the taxpayer may file a petition with the U.S. Tax Court for redetermination, as the debtor did here. *Id.* When a petition is filed with the U.S. Tax Court, the IRS cannot make an assessment until the decision of the U.S. Tax Court becomes final. *Id.* In this case, the three-year statute of limitations was tolled by the filing of a petition with the U.S. Tax Court, and the tax cannot be assessed until the tax court rules and that ruling becomes final. Thus, under applicable law, no assessment of tax liability for the 2004 tax year could be made until after the filing of this bankruptcy case, and pursuant to 11 U.S.C. § 507(a)(8)(A)(iii), this claim is entitled to priority status as a matter of law.

8 - U.S. Bankruptcy Court, M.D. Tenn.

Moreover, this claim is not dischargeable. A Chapter 7 discharge does not serve to discharge a debtor from liability for delinquent income taxes that were not assessed at the time the debtor filed his petition but are still assessable by law. *In re Hosack,* 282 F.App'x at 315. As stated in *Edwards v. Internal Revenue Serv. (In re Edwards),* 74 B.R. 661, 666 (Bankr. N.D. Ohio 1987), "a tax claim which arises from a timely filed tax return filed more than two years before the petition date, or even more than three years before the petition date, is a nondischargeable tax claim, entitled to priority treatment, if the tax is still assessable as of the petition date."

Accordingly, the Court finds that the IRS is entitled to summary judgment on this issue.

### B. TURNOVER/ADMINISTRATIVE CLAIM ISSUES

Initially, the IRS conceded that the erroneous $86,512.32 refund check was property of the estate. Now, in its motion for summary judgment, the IRS asserts that the erroneous refund is not property of the estate. In the alternative, the IRS asserts that the return of the $86,512.32 erroneous refund is moot because it has a priority tax claim equal to that amount. The Trustee and the debtor argue that the IRS is seeking a setoff which it waived by not making the demand prior to sending the refund.

In *Bailey v. Suhar (In re Bailey),* 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008) (citations omitted), the court held that the Bankruptcy Code's broad definition of "property" unquestionably includes income tax refunds based upon a debtor's pre-petition earnings or losses. In the present case, it is agreed that the refund was erroneously sent. Accordingly, the Court finds that the debtor held neither a legal or equitable interest in the erroneous refund, and therefore, it was never property of the estate.

In *Brown v. Lindsey (In re Lindsey),* No. 07-1332, 2009 WL 1608526 (Bankr. N.D. Ohio Jan. 28, 2009), the court faced a similar issue where the trustee sought a turnover of an erroneous post-petition tax refund corresponding to the debtor's pre-petition tax liabilities. The court held that although 11 U.S.C. § 541 "casts a broad net . . . it does not extend to property which does not belong to the debtor." *Id.* at *3. The court further stated that "[i]f the debtor was not entitled to a tax refund, then the trustee was not entitled to the prepetition share of the same tax refund."[4] *Id. See also Traina v. Orrill (In re Orrill),* 226 B.R. 563, 566 (Bankr. E.D. La. 1997) (Trustee not entitled to turnover of erroneous refund). Similarly, in *United States v. Motor Freight Express (In re Motor Freight Express),* 91 B.R. 705 (Bankr. E.D. Pa. 1988), the IRS issued three erroneous refund checks to a Chapter 11 debtor. The court stated that "[c]learly, property stolen or improperly received by a debtor during

---

[4] In *In re Lindsey*, the court denied summary judgment because whether the tax refund was erroneously sent was disputed by the parties. *Id.*

Case 3:12-ap-90369 Doc 37 Filed 01/30/13 Entered 01/30/13 08:12:43 Desc Main Document Page 10 of 11

a bankruptcy cannot be retained by a debtor on the ground that it is property of the estate." *Id.* at 712.

In the present case, it is undisputed that the IRS erroneously sent the debtor a refund check. Therefore, the debtor was not entitled to the refund, and the Trustee, who steps into the shoes of the debtor, is not entitled to turnover. The IRS is entitled to summary judgment on this issue. Because the Court finds that the erroneous refund check is not property of the estate, the issues regarding setoff and administrative claim status need not be addressed.

### IV. **CONCLUSION**

Accordingly, the Court finds that the Trustee is entitled to summary judgment on the uncontested issue of whether the $32,555.15 tax refund check is property of the estate. Regarding priority and dischargeability of the 2004 income tax liabilities, the IRS is entitled to summary judgment. The IRS is also entitled to summary judgment on the issue of turnover of the prior erroneous tax refund. All other matters in this case are reserved.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.
U.S. Bankruptcy Court (M.D. Tenn.)

Case 3:12-ap-90369    Doc 37    Filed 01/30/13    Entered 01/30/13 08:12:43    Desc Main
Document    Page 11 of 11